## Adam B. Robbins

*v.*

## Kate L. Crandall.

Sale—*party purchasing, alone liable.* Where goods are sold to a firm, whose notes are given for the price, and the firm purchasing buys for another firm, composed, in part, of the same members, and the latter firm pays the first for the same, it will not be liable to the original vendor for the price.

APPEAL from the Circuit Court of Grundy county; the Hon. Josiah McRoberts, Judge, presiding.

Mr. E. Sanford, for the appellant.

Messrs. Breckenridge & Garnsey, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This suit was originally commenced in the county court, by appellant, against Harvey R. Green, Frederick Green and appellee, as a firm doing business under the name of Green & Co. Their place of business was known as the "Mazon Store," over the river from Morris. There was also a firm in Morris known as H. R. Green & Son, composed of Harvey R. and Frederick Green, being the same persons who were part-

ners with appellee in the "Mazon Store." The action is to recover for a bill of merchandise sold and delivered by appellant; and the only question in the case is, to which firm the goods were sold.

We hold, with the circuit court, that the evidence shows most conclusively the goods were sold to the house in Morris, although the goods actually went to the "Mazon Store," to the benefit of Green & Co. The evidence is wholly inconsistent with any other theory.

There is some apparent conflict in the testimony, but it is more apparent than real. The proof shows the firm of Green & Co. made all their purchases, except a few articles of trifling value, from the house of H. R. Green & Son. The true construction of the evidence is, the goods were in fact purchased by H. R. Green & Son, for the firm of Green & Co. This fact tends to elucidate the action of the parties more than any other fact in the case. It affords a satisfactory explanation of the conduct of Harvey R. Green, in sending for George Green, who was a clerk in the "Mazon Store," to select the bill of goods in question. He knew what goods were wanted, and when the selection was made, the firm of H. R. Green & Son made the purchase. There is nothing in all the testimony that militates against this view of the case. Even the evidence offered on the part of appellant is entirely consistent with it.

The order, when received by appellant's agent, was sent forward in the name of H. R. Green & Son. The goods were consigned to that firm, and, when received, they executed their note for the same. A mistake occurred in the date of the first note, and it was subsequently corrected in the name of H. R. Green & Son.

There was no fraud practiced on the agent of appellant. He knew perfectly well the firm he was dealing with. The goods were sold upon his own solicitation. It is quite apparent, if the firm of H. R. Green & Son had not become

bankrupt, there never would have been any controversy the goods were sold to that firm.

It seems to us, the equities of the case are all with appellee. The proof is uncontradicted, the firm of Green & Co. purchased these goods of H. R. Green & Son, and paid that firm for them, and it would be against good conscience to require appellee to pay for them a second time.

The circuit court decided correctly in reversing the judgment of the county court, and its judgment is accordingly affirmed.

*Judgment affirmed.*